DENSMORE *v.* TANITE CO.

*(Circuit Court, E. D. Pennsylvania.  October 10, 1887.)*

PATENTS FOR INVENTIONS—LICENSE—ANNULMENT IN EQUITY.
　　A court of equity will not annul a license to make a patented article where the only material allegation is that the licensee failed to make a report of his manufactures or sales, and pay the royalty. The licensor has an ample remedy at law, and equity will not interfere.

In Equity.
*Ellis Spear, William G. Henderson,* and *Charles Howson,* for complainant.
*Robt. J. Jones* and *Charles B. Collier,* for respondent.

PER CURIAM. As distinctly stated in complainant's brief, the bill is brought to annul the license. "There is but one cause of action, and that is to annul and set aside the license." There can be no doubt that such a cause of action falls within the cognizance of equity. But the bill avers no facts to support the cause. The only specific allegations in this direction are that the respondent has failed to make return of his manufactures and sales, and to pay royalty. In other words, that he has not performed his contract in this regard. Other general allegations of wrong stated are immaterial. That such specific allegations, if proved, afford no ground for annulling a contract, is too clear to require the citation of authority. The case is hardly distinguishable from *Purifier Co. v. Wolf,* 28 Fed. Rep. 814, decided by this court at the last term. There the complainants did not ask for a decree of annulment, but proceeded on the basis that the contract was annulled by the respondent's neglect to perform. The court held, as we must here, that the complainant has an adequate remedy at law for the injuries complained of. The demurrer must therefore be sustained, and the bill dismissed, with costs.